UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| JOAQUIN LORENZO, on behalf of himself and all others similarly situated, | |
| Plaintiff, | |
| vs. | Case No.: |
| MILLERCOORS LLC, MOLSON COORS BREWING COMPANY, and SABMILLER PLC, | |
| Defendants. | |

## DEFENDANTS' NOTICE OF REMOVAL

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA; TO THE CIRCUIT COURT FOR THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, STATE OF FLORIDA; TO THE PLAINTIFF; AND TO PLAINTIFF'S COUNSEL OF RECORD:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendants MillerCoors LLC ("MillerCoors"), Molson Coors Brewing Company ("Molson Coors"), and SABMiller plc ("SABMiller" and, together with MillerCoors and Molson Coors, the "Defendants") hereby remove the above-captioned action from the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida, to the United States District Court for the Southern District of Florida.  Removal jurisdiction exists here pursuant to 28 U.S.C. § 1441 and the federal diversity statute as amended by the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).  Attached as Exhibit A to this Notice is a copy of all court filings served on Defendants in this action.  As grounds for removal, Defendants state as follows:

## I.      STATE COURT PROCEEDINGS

1.      On February 10, 2016, Joaquin Lorenzo (the "Plaintiff") initiated this action by filing a complaint (the "Complaint"), purportedly on behalf of himself and all others similarly situated, against Defendants in the Circuit Court of the Eleventh Judicial Circuit, in and for

Miami-Dade County, Florida, under the caption *Lorenzo v. MillerCoors LLC, et al.*, Case No. 16-003258-CA (20) (the "State Court Action").

2.      The Complaint asserts claims against Defendants for unjust enrichment and injunctive relief.  These claims all arise out of Defendants' alleged advertising, marketing, and labeling of its Coors Light beer (the "Product") in the State of Florida from January 1, 2012 to the present.  Plaintiff alleges that, contrary to the representations made to consumers through the advertising and marketing of Coors Light, "Defendants now brew Coors Light in various breweries located throughout the United States but nowhere near the Rocky Mountains."  Compl. ¶ 15-23.  Based on these allegedly misleading representations, the Complaint seeks three main forms of relief:  (1) "restitution and disgorgement of all monies acquired by Defendants by means" of their misleading advertising practices; (2) a prohibitory injunction "enjoining Defendant [*sic*] from continuing the unlawful practices as set forth" in the Complaint; and (3) a mandatory injunction "[o]rdering Defendants to engage in a corrective advertising campaign." Compl. at 18.  The Complaint further seeks to certify a class consisting of "[a]ll purchasers of Coors Light beer in Florida from January 1, 2012 until the present time" (the "Class").  *Id.* ¶ 24.

3.      MillerCoors and Molson Coors were effectively served with the Complaint on February 17, 2016.  Defendants filed this Notice of Removal before their response to the Complaint was due in the State Court Action.

4.      This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b).  *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 351-52 (1999).

## II.      REMOVAL IS PROPER BECAUSE THIS COURT HAS JURISDICTION OVER THE MATTER PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1453

5.      Removal of the State Court Action is proper under CAFA, and in particular 28 U.S.C. §§ 1332(d) and 1453, because (1) this Action is a proposed "class action" consisting of 100 or more putative class members, (2) the named Plaintiff is a citizen of a state different from Defendants, and (3) the amount in controversy exceeds $5,000,000 (exclusive of interest and

costs).  28 U.S.C. § 1332(d); *see also Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 911 (11th Cir. 2014).

      **A.**      **The Putative Class Comprises at Least 100 Class Members**

      6.      CAFA's "numerosity" requirement is satisfied here because the proposed class to be certified—consisting of "[a]ll purchasers of Coors Light beer in Florida from January 1, 2012 until the present time," Compl. ¶ 24—includes well more than 100 prospective members. Plaintiff himself asserts that "[t]he class consists of tens of thousands of consumers."  Compl. ¶ 25.  In addition, in 2015 alone, MillerCoors sold a total of 713,000 barrels of Coors Light to its distributors in Florida.  *See* Declaration of James Michael Meier in Support of Defendants' Notice of Removal ("Decl.") ¶ 8.

      **B.**      **There Is Diversity Between the Plaintiff Class and Defendants**

      7.      Complete diversity exists under 28 U.S.C. § 1332 between Plaintiffs and Defendants.  For CAFA jurisdiction to apply, at least one "member of a class of plaintiffs [must be] a citizen of a State different from [at least one] defendant."  28 U.S.C. § 1332(d)(2)(A).  "For purposes of [CAFA], an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized."  28 U.S.C. § 1332(d)(10).  The citizenship criteria are the same for corporations.  *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . .").

      8.      Under these criteria, no Defendant is a citizen of the same state as any member of the putative Class.  As alleged in the Complaint, the named Plaintiff, Mr. Lorenzo, resides "in this District" [*sic*] and seeks to represent a class of all "purchasers of Coors Light beer in Florida."  Compl. ¶¶ 3, 24.  By contrast, at the time the Complaint was filed and up to the filing of this Notice of Removal, each of the Defendants was and still is a citizen of a different State or foreign state than Mr. Lorenzo.  Each Defendant is a business entity organized under the laws of

a different State or foreign state.  MillerCoors is a limited liability company organized under the laws of Delaware with its headquarters in Chicago, Illinois.  *See* Decl. ¶ 4-5, 7.  MillerCoors is jointly owned by Molson Coors and SABMiller.  *See* Decl. ¶ 6.  Neither entity is organized in Florida.  Molson Coors is a corporation organized under the laws of the State of Delaware with headquarters in Denver, Colorado.  *See id.*; Compl. ¶ 4.  SABMiller is a public limited company registered in the United Kingdom.  *See* Decl. ¶ 6; Compl. ¶ 5.

9.     Each Defendant's principal place of business is likewise in a State or foreign state different than Florida.  In *Hertz Corp. v. Friend*, 130 S. Ct. 1181 (2010), the United States Supreme Court held that the term "principal place of business," for the purposes of federal diversity jurisdiction, refers to the corporation's "nerve center"—that is, "where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz Corp.*, 130 S. Ct. at 1186.  The Court noted that, "in practice[,]" this nerve center will "normally be the place where the corporation maintains its headquarters."  *Id.* at 1192.

10.    Under the *Hertz* analysis, MillerCoors is a citizen of Illinois.  Substantially all of the company's management and business functions are operated through its Chicago headquarters.  Decl. ¶ 5.  Its key policies and procedures are established and administered from that same "nerve center."  *Id.* ¶ 7.  By contrast, MillerCoors does not maintain a headquarters in Florida, nor do any of its officers work or reside in that state.  *Id.* ¶ 5.  Molson Coors and SABMiller likewise do not have any headquarters in Florida.  *Id.* ¶ 6; *accord* Compl. ¶¶ 4-5.  The CAFA requirement of at least "minimal diversity" is thus satisfied here.  *See Evans v. Walter Indus.*, 449 F.3d 1159, 1163 (11th Cir. 2006) ("Under CAFA, federal courts . . . have original jurisdiction over class actions in which . . . there is minimal diversity (at least one plaintiff and one defendant are from different states).").

### C.    The Amount in Controversy Exceeds $5,000,000

11.    Under CAFA, "[i]n any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs."  28 U.S.C. § 1332(d)(6).  "Where, as here, the plaintiff has not pled a specific amount of damages," a defendant seeking CAFA removal need only show "by a preponderance of the evidence" that the amount at stake will exceed $5,000,000.  *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010) (citing *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001)); *accord Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356-57 (11th Cir. 1996) (applying preponderance of the evidence standard to amount-in-controversy requirement in case removed under CAFA), *overruled on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1072 (11th Cir. 2000).  Under this standard, the evidence must show that it is "more likely than not" that the amount in controversy exceeds the jurisdictional threshold.  *See Pretka*, 608 F.3d at 752.

12.    Where, as here, a complaint seeks injunctive or other equitable relief, the value of the result sought to be accomplished may be also counted in calculating the amount in controversy.  *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977); *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 973 (11th Cir. 2002).  The amount in controversy thus includes not only the potential monetary recovery the putative class is seeking, but also the defendant's costs of complying with any injunctive relief sought.

13.    Here, the Complaint seeks (1) "restitution and disgorgement of all monies acquired by Defendants by means" of the practices challenged by Plaintiff; (2) a prohibitory injunction "enjoining Defendant [*sic*] from continuing the unlawful practices as set forth" in the Complaint; and (3) a mandatory injunction "[o]rdering Defendants to engage in a corrective advertising campaign."  Compl. at 18.  The cost of just the first category of relief, restitution or disgorgement, would exceed $5 million: in 2015 alone, MillerCoors sold a total of 713,000 barrels of Coors Light to distributors in Florida, at an approximate average price of $150 per barrel.  Decl. ¶ 8.  Further, an injunction requiring MillerCoors to re-label the Products would

require considerable expense.  Because MillerCoors cannot feasibly give its products different labels state-by-state, the company would have to engage in a nationwide relabeling and recall of the Products in order to guarantee its compliance with such an injunction.  Similarly, a "corrective advertising campaign," as requested by the Complaint, would be expensive and likely require the Company to modify its advertising nationwide, not just in Florida alone.  *See id*. ¶ 9. When all these expenses are taken into account, MillerCoors estimates that the amount in controversy easily exceeds $5,000,000.  *Id.* ¶ 10.  The last CAFA requirement is therefore satisfied here, and removal is proper.

## III.   DEFENDANTS HAVE SATISFIED ALL OTHER STATUTORY REQUIREMENTS

14.    Venue is proper in this District under 28 U.S.C. §§ 1391(a), 1391(b)(1)-(2), and 1441(a) because Plaintiff filed the Complaint in Miami-Dade County, Florida, and this District represents the "district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  Defendants will promptly serve Plaintiff with this Notice of Removal and file a copy with the clerk of the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, where the State Court Action is pending.  28 U.S.C. § 1446(d).

## IV.   CONCLUSION

WHEREFORE, Defendants respectfully remove this action from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, to the United States District Court for the Southern District of Florida.


Dated:  March 8, 2016                                       Respectfully submitted,

                                                            COFFEY BURLINGTON, P.L.
                                                            2601 South Bayshore Drive, PH 1
                                                            Miami, Florida  33133
                                                            Telephone:    (305) 858-2900
                                                            Facsimile:    (305) 858-5261

                                                            By:   s/  Paul J. Schwiep
                                                              Paul J. Schwiep, FBN 823244
                                                              pschwiep@coffeyburlington.com

yvb@coffeyburlington.com
service@coffeyburlington.com

– and –

Christopher A. Cole, Esq.
CCole@crowell.com
CROWELL & MORING, LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone:      (202) 624-2500
Facsimile:      (202) 628-5116

Michelle Gillette, Esq.
MGillette@crowell.com
Joshua Thomas Foust, Esq.
JFoust@crowell.com
CROWELL & MORING, LLP
275 Battery Street, 23rd Floor
San Francisco, California 94111
Telephone:      (415) 986-2800
Facsimile:      (415) 986-2827

*Counsel for Defendants*
*MillerCoors LLC and*
*Molson Coors Brewing Company*

Dated: March 8, 2016                    Respectfully submitted,


                                        By: s/  Rachel A. Canfield
Tammy B. Webb                           Rachel A. Canfield (Fla. Bar No.: 0041768)
(*Pro Hac Vice* Application forthcoming)   Attorney E-mail address: rcanfield@shb.com
Attorney E-mail Address: Tbwebb@shb.com   Shook, Hardy & Bacon LLP
Shook, Hardy & Bacon LLP                201 S. Biscayne Blvd., Suite 2300
One Montgomery Tower, Suite 2700        Miami, FL 33131
San Francisco, CA 94104                 Telephone: 305.358.5171
Telephone: 415.544.1900                 Facsimile: 305.358.7470
Facsimile: 415.391.0281

                                        Dale M. Johnson, II (Fla. Bar No.: 96006)
                                        (Application to United States District Court for
                                        the Southern District of Florida Pending)
                                        Attorney E-mail address: dmjohnson@shb.com
                                        Shook, Hardy & Bacon LLP
                                        2555 Grand Blvd.
                                        Kansas City, MO 64108

Telephone: 816.474.6550
Facsimile:  816.421.5547

Attorneys for Defendant, SABMiller plc

# EXHIBIT A

| CIVIL DIVISION | **CIVIL ACTION SUMMONS** Personal Service on a Natural Person (En Español al Dorso) (Francais Au Verso) | CASE NUMBER 16-003258-CA-01 |
|---|---|---|

| PLAINTIFF(S) JOAQUIN LORENZO, Individually and on Behalf of All Others Similarly Situated | vs. DEFENDANT(S) MILLERCOORS LLC; MOLSON COORS BREWING COMPANY; and SABMILLER PLC | CLOCK IN |
|---|---|---|

| To Defendant: **MILLERCOORS LLC** | Address (REGISTERED AGENT): **THE CORPORATION TRUST COMPANY CORPORATION TRUST CENTER 1209 ORANGE ST WILMINGTON, DE 19801** |
|---|---|

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached Complaint with the Clerk of this court. A phone call will not protect you; your written response, including the case number given above and the names of the parties, must be filed if you want the Court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the Court, located at:

Dade County Courthouse
Clerk of Courts
Room 138
73 West Flagler Street
Miami, Florida 33130

Additional Court locations are printed on the back of this form.

You must also mail or take a copy of your written responses to the "Plaintiff/Plaintiff's Attorney" named below.

| Plaintiff/Plaintiff's Attorney Elizabeth Lee Beck, Esq. | Address: **BECK & LEE TRIAL LAWYERS** 12485 SW 137th Ave. Suite 205 Miami, FL 33186 |
|---|---|

TO EACH SHERIFF OF THE STATE OF FLORIDA: You are commanded to serve this Summons and a copy of the Complaint of this lawsuit on the above named defendant.

| CLERK OF COURTS | BY: _____ | COURT SEAL | DATE FEB 1 2 2016 |
|---|---|---|---|

## IMPORTANTE

Usted ha sido demandado legalmente.  Tiene 20 dias contados a partir del recibo de esta notificación para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal.  Una llamada telefónica no lo protegerá.  Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el número de caso y los nombres de las partes interesadas.  Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.  Existen otros requisitos legales.  Si lo desea, puede usted consultar a un abogado inmediatamente.  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefónica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, deberá usted enviar por correo o entregar una copia de su respuesta a la persona demoninada abajo como "Plaintiff/Plaintiff Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciares ont été entreprises contre vous.  Vous avez 20 jours consécutifs á partir de la date de l'assignation de cette citation pour déposer une reponse écrite á la plainte ci-jointe aupres de ce tribunal.  Un simple coup de téléphone est insuffisant pour vous protéger.  Vous étes obligé de déposer votre réponse écrite, avec mention du numéro de dossier ci-dessus et du nom des parties nommées ici, si vous souhaitez que le tribunal entende votre cause.  Si vous ne déposez pas votre réponse écrite dans le délai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent., et vos biens peuvent etre saisis par la suite, sans aucun préavis ultérieur du tribunal.  Il y a d'autres obligations juridiques et vous pouvez requérir les services immediats d'un avocat.  Si vous ne connaissez pas d'avocat, vous pourriez téléphoner á un service de reference d'avocats ou a un bureau d'assistance juridique (figurant á l'annuaire de téléphones)

Si vous choisissez de déposer vous-méme une reponse ecrite, il vous faudra également, en méme temps que cette formalité, faire parvenir ou expédier une copie de votre reponse ecrite au "Plaintiff/Plaintiff Attorney" (Plaignant ou a son avocat) nommé ci-dessous.

## ADDITIONAL COURT FACILITY LOCATIONS

Joseph Caleb Center (20)
Room 205
5400 N.W. 22 Avenue
Miami, Florida  33142

Hialeah District Court (21)
55 S.W. 4 Avenue
Hialeah, Florida  33010

North Dade Justice Center (23)
Room 100
15555 Biscayne Blvd.
Miami, Florida  33161

Miami Beach District Court (24)
Room 224
1130 Washington Avenue
Miami Beach, Florida  33139

Coral Gables District Court (25)
2801 Salzedo Street
Coral Gables, Florida  33134

South Dade Government Center (26)
10710 S.W. 211 Street
Miami, Florida  33189

Homestead District Court (27)
715 N.E. 1 Road
Homestead, Florida  33030

Sweetwater Branch Office
500 S.W. 109th Avenue
Sweetwater, Florida  33174

Filing # 37645813 E-Filed 02/10/2016 01:27:14 PM

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT, IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

CIVIL DIVISION

CASE NO: **16-003258-CA-01**

JOAQUIN LORENZO, on Behalf of
Himself and All Others Similarly Situated,

     Plaintiff,

vs.

MILLERCOORS LLC, MOLSON COORS
BREWING COMPANY, and SABMILLER
PLC,

     Defendants.

_____/

**CLASS REPRESENTATION**

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff JOAQUIN LORENZO ("Plaintiff") brings this action on behalf of himself and

all others similarly situated against the above-captioned defendants (collectively, "Defendants"),

and states:

### JURISDICTION AND VENUE

    1.    This is an action for damages that exceed $15,000.00, exclusive of interest, court

costs, and attorneys' fees.

    2.    Venue is proper in this County, where the Plaintiff resides and where the cause of

action accrued.

Filing # 37645813 E-Filed 02/10/2016 01:27:14 PM

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT, IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

CIVIL DIVISION

CASE NO:

JOAQUIN LORENZO, on Behalf of
Himself and All Others Similarly Situated,

       Plaintiff,

vs.

MILLERCOORS LLC, MOLSON COORS
BREWING COMPANY, and SABMILLER
PLC,

       Defendants.

_____/

**CLASS REPRESENTATION**

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

    Plaintiff JOAQUIN LORENZO ("Plaintiff") brings this action on behalf of himself and

all others similarly situated against the above-captioned defendants (collectively, "Defendants"),

and states:

### JURISDICTION AND VENUE

    1.    This is an action for damages that exceed $15,000.00, exclusive of interest, court

costs, and attorneys' fees.

    2.    Venue is proper in this County, where the Plaintiff resides and where the cause of

action accrued.

## PARTIES

3.      At all times relevant to this matter, Plaintiff resided and continues to reside in this District.

4.      Defendant MOLSON COORS BREWING COMPANY ("Molson Coors") is a North American beer brewing company.  It is headquartered in Denver, Colorado.

5.      Defendant SABMILLER PLC ("SABMiller") is a multinational brewing and beverage company headquartered in London, England.  SABMiller produces over 200 different brands of beer worldwide, and operates in six continents.  It is one of the world's largest brewers.

6.      Defendant MILLERCOORS LLC ("MillerCoors") is the joint venture between Molson Coors and SABMiller.  MillerCoors markets, distributes and sells a number of beer products for the U.S. market, including the "Coors" and "Coors Light" brands.

7.      As stated above, all defendants are collectively referred to as "Defendants."

## FACTUAL ALLEGATIONS

8.      Adolph Coors and Jacob Schueler founded a brewery in Golden, Colorado in 1873.  Golden, Colorado in turn was founded as a mining camp during the Pike's Peak Gold Rush in 1859.  Golden lies at the base of the Rocky Mountains.

9.      The Golden, Colorado brewery's beers remained a regional product until the 1970's, and limited its marketing to the American West for most if its history.  The Coors brand of beers as a result developed a mystique and novelty, as a highly sought-after regional beer with limited distribution, brewed in the Western United States and in the Rockies, in particular.  Advertisements throughout the years have touted the Coors brand of beers as being "brewed with pure Rocky Mountain spring water."

10.     As an example of the iconic status of Coors as a coveted regional brew and one of the finest beers in the United States, the 1977 movie *Smokey and the Bandit* involved the

smuggling of Coors from Texas (where it was legally sold), to Georgia, a state not on its distribution list.

11.     In 1978, the brewery introduced Coors Light, a light beer sold in silver cans and dubbed "The Silver Bullet."  Coors Light is now the second most popular domestic beer sold in the United States, surpassed only by Budweiser Light beer.  The non-light beer is called Coors Banquet.

12.     In 2004, the Golden, Colorado brewery, then known as the Coors Brewing Company, merged with Canadian brewer Molson, forming the Molson Coors Brewing Company.

13.     Molson Coors, through a joint venture with SABMiller, formed MillerCoors in 2008.  Defendants now market, distribute and sell the Coors brand of beers (including Coors Banquet and Coors Light) throughout the United States, including in Florida.

14.     Defendants market, distribute and sell Coors Banquet beer in the familiar, so-called "yellow-bellied" cans, as well as the newer offering of Coors Light beers.

15.     Defendants continue to operate the famed brewery in Golden, Colorado, which is the largest single brewery facility in the world.  The brewery is open to the public, and public tours are available.  However, it is no longer the sole origin of the Coors brand of beers.  Coors Banquet is, to this day, brewed in Golden, Colorado.  However, Defendants now brew Coors Light in various breweries located throughout the United States but nowhere near the Rocky Mountains.

16.     Defendants profit from the marketing, distribution, and sale of Coors Light beers in the United States, including in Florida.  Coors Light is sold at a price premium.  The essential premise behind why Defendants can command a price premium and why reasonable consumers

pay a price premium, or purchase Coors Light at all, is Defendants' representation that Coors Light is brewed in the Rockies.

17.     Defendants have made this representation that Coors Light is brewed in the Rockies to reasonable consumers through sophisticated advertising and marketing.  This includes print advertising, television commercials, website representations, brewery tours, the size, shape and other demarcations on the product, social media messages, among other things, and using statements such as "Proudly Brewed in our Rocky Mountain Tradition," "When the Mountains Turn Blue It's as Cold as the Rockies," "What Would We Be Without Our Mountains?" "Our Mountain is Brewing the World's Most Refreshing Beer," and "Born in the Rockies."

18.     There are lingering effects of this marketing and promotion in the minds of reasonable consumers that Coors Light is brewed in the Rockies. Currently, Defendants' representation that Coors Light is brewed in the Rockies is a centerpiece of certain of their marketing and promotional campaigns, even though it is no longer true.  For example, on the Coors Light websites, the following can be found:

(a)     In the video titled "Coors Light – Whatever Your Mountain (Extended Version)," a narrator states: "We are the Coors family of Golden, Colorado.  And our mountain is brewing the world's most refreshing beer."  The narrator goes on to state: "lagered, filtered, and packaged cold" while the video simultaneously pans to a Coors Light beer can with a depiction of a snow-capped mountain range and labeled with the words " Born in the Rockies." The narrator concludes that "our mountains make us who we are."  (www.coorslight.com/videos, accessed Feb. 2, 2016).

(b)     In the video titled "Coors Light Born in the Rockies: Tiny Speck," the narrator states that "When a mountain needs to refresh things, it doesn't call for a cleaning

- 4 -

service. It uses the cold to sift through every, single speck. So if you wonder what inspired us to cold-filter our beer, well, you're looking at it. Coors Light. Born in the Rockies." The 30-second video is almost entirely of steep, snow and ice-capped mountain ranges, and ends with a picture of a Coors Light beer can labeled with the words "Born in the Rockies. Est'd 1978." (www.coorslight.com/videos, accessed Feb. 2, 2016).

   (c) In the video titled "Coors Light Born in the Rockies: Place," the narrator states "Where were you born? It's a question asked all the time. Because where you're from shapes who you are, inspires how you do things. And when that inspiration comes from a place this refreshing, this majestic, this *sigh* well, you get the idea. Coors Light. Born in the Rockies." The 30-second video is almost entirely of steep, snow and ice-capped mountain ranges, snowy mountain rivers and winter waterfalls, and ends with a picture of a Coors Light beer can labeled with the words "Born in the Rockies. Est'd 1978." (www.coorslight.com/videos, accessed Feb. 2, 2016).

   (d) In the video titled "Born in the Rockies: Millions," the narrator states, "this mountain doesn't own a watch. It's not in a hurry to get where it's going. And yet, after millions of years, it has arrived. it's what inspired us to cold age our beer. which, thankfully, takes a little less than a million years. Coors Light. Born in the Rockies." The 30-second video is almost entirely of steep, snow and ice-capped mountain ranges, with wind whistling in the background, ends with a picture of a Coors Light beer can labeled with the words "Born in the Rockies. Est'd 1978." (www.coorslight.com/videos, accessed Feb. 2, 2016).

   (e) "The Golden Legacy" (www.coorslight.com, accessed February 2, 2016), "The Rockies use the cold to sift through every tiny speck to refresh. Coors Light. Born in the Rockies. Est'd 1978."

19.     Defendants further this confusion in the consumer marketplace through their packaging, such as:







20.     Based on this and other marketing by Defendants, reasonable consumers believe that Coors Light sold in the U.S. through Defendants is exclusively brewed in the Rockies, and not in other parts of the United States.  Indeed, that is why reasonable consumers buy Coors Light over other beer and, moreover, pay a price premium for it.

21.     But that marketing message is false, misleading and deceptive.  Not all Coors Light sold in the U.S. through Defendants is brewed in the Rockies, or Colorado, for that matter, nor does it use "pure Rocky Mountain spring water."  Although the original brewery in Golden, Colorado is still operational, Coors Light is now brewed in various breweries located throughout the United States (*see, e.g.*, http://www.millercoors.com/breweries/brewing-locations).  Reasonable consumers who purchase Coors Light in the U.S. through Defendants do not know that, and Defendants continue to encourage and foster this false belief through their ongoing marketing and advertising campaigns.  Reasonable consumers are damaged by Defendants' false advertising, including every time they purchase Coors Light, and reasonable consumers face irreparable harm that is capable of repetition yet evading review as a result of Defendants' false advertising.  Declaratory relief and corrective advertising are required to solve the harm.  Plaintiff has standing to seek relief for reasonable consumers so harmed and to be so harmed.

22.     Plaintiff is a reasonable consumer. Plaintiff was exposed to and relied upon the marketing messages and lingering effects therefrom described herein regarding Coors Light being brewed in the Rockies.  Based on these marketing messages, Plaintiff purchased Coors Light beer at Bay Supermarket and Publix supermarkets, all located in Miami Beach, Florida. Plaintiff would not have purchased Coors Light but for the marketing messages and lingering effects therefrom described herein regarding the origin of Coors Light being brewed in the Rockies.  Plaintiff would have purchased other beer, including less expensive beer.  Plaintiff was deceived and harmed by the marketing messages and lingering effects therefrom described herein regarding Coors Light being brewed in the Rockies, including by being induced to pay for beer that had a different origin than advertised and by paying a price premium for beer.

23.     Defendants have profited and continue to profit from the false advertising, with all Defendants selling or acquiescing in the sale of Coors Light under the false pretense that Coors Light sold through Defendants is brewed in the Rockies.  Ultimately, Defendants are the beneficiaries of the unlawful sale to consumers based on that false pretense.

## CLASS REPRESENTATION ALLEGATIONS

24.     Plaintiff brings this action individually and as a class action pursuant to Florida Rule of Civil Procedure 1.220 on behalf of himself and the Class defined as follows:

> All purchasers of Coors Light beer in Florida, from January 1, 2012 until the present time.

25.     *Numerosity*. The class consists of tens of thousands of consumers.  Therefore, the members of the Class are so numerous that their individual joinder is impracticable.  The precise number of Class members is unknown to Plaintiff.  The true number of Class members is known by the Defendants, however, and thus, may be notified of the pendency of this action by first class mail, electronic mail, and by published notice.

- 8 -

26.     *Existence and Predominance of Common Questions of Law and Fact.*
Common questions of law and fact exist as to all members of the Class and predominate over
any questions affecting only individual Class members.  These common legal and factual
questions include, but are not limited to, whether Defendants falsely, misleadingly, or
deceptively advertise Coors Light beer.

27.     *Typicality*.  Plaintiff's claims are typical of the claims of the members of the Class
and Plaintiff has the same claims as those of the other Class members.

28.     *Adequacy of Representation*.  Plaintiff will fairly and adequately protect the
interests of the members of the Class.  Plaintiff has retained counsel highly experienced in
complex consumer class action litigation, and Plaintiff intends to prosecute this action
vigorously.  Plaintiff has no adverse or antagonistic interests to those of the Class.

29.     *B(1) and B(2)*.  Prosecuting separate actions by or against individual class
members would create a risk of: (A) inconsistent or varying adjudications with respect to
individual class members that would establish incompatible standards of conduct for the party
opposing the class; or (B) adjudications with respect to individual class members that, as a
practical matter, would be dispositive of the interests of the other members not parties to the
individual adjudications or would substantially impair or impede their ability to protect their
interests. Defendants have acted or refused to act on grounds that apply generally to the class, so
that final injunctive relief or corresponding declaratory relief is appropriate respecting the class
as a whole.

## COUNT I

### Unjust Enrichment
### On Behalf of Plaintiff and the Class

30.     Plaintiff realleges and incorporates by reference the allegations contained in paragraphs above as though fully set forth herein.

31.     As a result of the unlawful conduct described herein, Defendants have been unjustly enriched at the expense of Plaintiff and the other members of the Class.

32.     Specifically, Defendants' unfair and unlawful actions, as described herein, have enabled Defendants to receive money and other benefits in violation of the law at the expense of Plaintiff and the other members of the Class.

33.     Defendants' receipt and retention of this financial benefit is unfair and improper under the circumstances.

34.     As such, Defendants should be required to disgorge the money retained as a result of its unjust enrichment, and conduct corrective advertising.

### PRAYER FOR RELIEF

Wherefore, Plaintiff prays for a judgment:

A.     Certifying the Class as requested herein;

B.     Awarding declaratory and injunctive relief as permitted by law or equity, including enjoining Defendant from continuing the unlawful practices as set forth herein, and directing Defendant to identify, with Court supervision, victims of its conduct and pay them restitution and disgorgement of all monies acquired by Defendants by means of any act or practice declared by this Court to be wrongful;

C.     Ordering Defendants to engage in a corrective advertising campaign;

D.     Awarding attorneys' fees and costs; and

- 10 -

E.     Providing such further relief as may be just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.


DATED: February 10, 2016

/s/ Elizabeth Lee Beck
By: Elizabeth Lee Beck

BECK & LEE TRIAL LAWYERS
JARED H. BECK
ELIZABETH LEE BECK
Corporate Park at Kendall
12485 SW 137th Ave., Suite 205
Miami, Florida 33186
Telephone:    (305) 234-2060
Facsimile:    (786) 664-3334
jared@beckandlee.com
elizabeth@beckandlee.com

ANTONINO G. HERNANDEZ P.A.
ANTONINO G. HERNANDEZ
4 SE 1st Street, 2nd Floor
Miami, Florida 33131
Telephone:    (305) 282-3698
Facsimile:    (786) 513-7748
Hern8491@bellsouth.net

CULLIN O'BRIEN LAW, P.A.
CULLIN O'BRIEN
6541 NE 21st Way
Fort Lauderdale, Florida 33108
Telephone:    (561) 676-6370
Facsimile:    (561) 320-0285
cullin@cullinobrienlaw.com

Counsel for Plaintiff and the Proposed Class